(No. 3587—

HARMS BROERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

JOSEF T. SKINNER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed February 13, 1941. It asks for benefits under the Workmen's Compensation Act claimed by claimant for temporary disability and for permanent disability on account of an injury received while claimant was employed by the State Highway Department.

On September 17, 1940, claimant was employed under the direction of the Dixon State Highway Office, a branch of the State Highway Department of the State of Illinois. Claimant alleges that on said date he was engaged in the work of lifting heavy slabs of concrete after the same had been broken out of the highway by an air hammer machine; that as a

result of the lifting of these heavy pieces of concrete, there was caused a bruising and injuring of the blood vessels and arteries of his back and neck. Claimant was treated by Dr. George E. Kirby of Spring Valley, who examined the claimant on September 24, 1940. He has been examined by the said Dr. George E. Kirby at several intervals since that time.

Claimant was paid compensation for temporary disability by the Division of Highways from September 24, 1940, to January 27, 1941, a total amount of Two Hundred Eighty-six and 55/100 Dollars ($286.55). In addition, the bill of St. Mary's Hospital at LaSalle, where claimant was treated, was paid by the Division of Highways. Electro cardiographs required by Dr. George E. Kirby have been paid for in the amount of Twenty-two and 50/100 Dollars ($22.50).

Claimant alleges that he is entitled to Seventeen and 50/100 Dollars ($17.50) per week until temporary disability is terminated.

Claimant alleges that at the time of his injury he was 36 years of age; was married and had two children, one son, Virgil Broers, under the age of sixteen years.

Claimant alleges that as a result of said accident he has sustained temporary total loss of his capacity to work and that he will be permanently disabled to the extent of 50% of his normal capacity to work. Claimant states further that he has not presented this claim to any State Department or State Officer, and that no third party or corporation has any interest in this claim.

The record consists of the complaint, report of the Division of Highways signed by M. K. Lingle, Engineer of Claims, statement, brief and argument of respondent, transcript of the evidence, and a stipulation between claimant and respondent that the letter of Chauncey C. Maher, M. D., and his report of examination, shall be part of the record.

As respondent had notice of the accident within the period provided by Section 24 of the Workmen's Compensation Act, and as claim was made for compensation within six months after date of the accident and application for compensation filed within one year, the court finds it has jurisdiction.

In examining the records of this case, there is no evidence of a specific accident, but claimant, by his evidence, tries to maintain the position that while lifting heavy pieces of concrete into a truck he became subject to pain between the

shoulderblades, chest and arm. He would take rest periods of various lengths and then would resume his work until the condition again returned, under which circumstances he worked for five or six days before he finally went to a doctor.

In allowing an award under the Workmen's Compensation Act, this court, of course, must determine that the accident complained of was incurred in the course of and arose out of the employment. Dr. Kirby, in testifying on behalf of claimant, stated that he did not know if it would be possible for a man of claimant's age and condition to have the origin of this disease caused by excessive exertion. He testified that claimant had a disease of the coronary artery, and in answer to a hypothetical question propounded by claimant's attorney, said ''that the heavy lifting could have been the cause of the symptoms that were produced at that time, but I feel that there must be some fundamental disturbance in the coronary circulation.''

Dr. Chauncey C. Maher, heart specialist connected with the University of Illinois, examined claimant on August 7, 1941. He reported by letter dated August 12, 1941, which was inserted as part of the record, that claimant ''has the typical syndrome of angina pectoris which is due to disease of his coronary arteries''; that ''this is quite definitely a medical problem and the result of chronic disease. It is in no way related to the occupation of this man and his disability is not predicated upon his occupation or the type of work which he has done in the past several years.''

Dr. Maher's finding does not conflict with that of Dr. Kirby. Dr. Kirby did not express a definite opinion in this matter, except that claimant had a disease of the coronary artery. That fact was confirmed by Dr. Maher, who examined claimant more fully and with all the necessary equipment needed in such examinations. Dr. Maher concluded that claimant's condition was not the result of his employment, and nothing in the evidence contradicts that finding. Neither is there any evidence of an accident in this case.

In the case of *The Vincennes Bridge Company* vs. *Industrial Commission*, 351 Ill. 444, our Supreme Court said, on page 449, in quoting the language of the Supreme Court of Massachusetts in *McNicol's case*, 215 Mass. 497, that an injury arises ''out of the employment when there is apparent to the rational mind, upon consideration of all the circum-

stances, a causal connection between the conditions under which the work is required to be performed and the resulting injury, and if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment, but it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.''

This court is of the opinion that, in consideration of all the evidence, the injury complained of cannot be fairly traced to the employment of the claimant, that it comes from a heart condition as a result of a chronic disease with the symptoms manifesting themselves while under heavy exertion. The same symptoms undoubtedly would have been present at any other time claimant participated in heavy physical exertion. Award must, therefore, be and is denied.